IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                         ORDER

       v.                              03-CR-56-S-01

RICHARD B. ADAMS,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the revocation of Richard B. Adams's supervised release was held in this matter on March 28, 2008, before United States District Judge Barbara B. Crabb.  The government appeared by Assistant United States Attorney John W. Vaudreuil.  Defendant was present in person and by counsel, Erika Bierma.  Also present was Senior United States Probation Officer William T. Badger, Jr.

      From the record and defendant's stipulation, I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on November 5, 2003, following his conviction for conspiracy to distribute and possess with intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.  This violation is a Class C felony.  Defendant was committed to the custody of the Bureau of Prisons for 37 months, with a three-year term of supervised release to

follow.

On February 28, 2006, defendant began his three-year term of supervised release.

Defendant has stipulated that he violated Special Condition No. 4 of his supervised release requiring him to abstain from illegal drug use and participate in substance abuse treatment. On January 8, 2008, defendant submitted a urine specimen that tested positive for opiates (Kroll Laboratory Urine Specimen No. B00437686). On January 9, 2008, defendant failed to attend his scheduled drug aftercare counseling session at Attic Correctional Services, in Madison, Wisconsin.

Defendant has stipulated that he violated Standard Condition No. 6 requiring him to notify the probation officer within seventy-two hours of any change in residence or employment. On January 11, 2008, defendant terminated his employment but did not inform his supervising probation officer within the allotted time frame.

Defendant has stipulated that he violated the mandatory condition of supervision prohibiting him from committing another federal, state or local crime. On March 14, 2008, defendant was convicted of possession of cocaine in the Circuit Court for Dane County, Wisconsin, in case no. 2008CM000494). He was sentenced to 30 days' custody, time served.

Defendant's most serious violation falls into the category of a Grade B violation as defined by §7B1.1(a)(2) of the sentencing guideline policy statements for violations of supervised release. Because defendant was convicted of possession of cocaine while on supervised release, 18 U.S.C. § 3583(g) requires the court to revoke supervised release.

Defendant is either unwilling or unable to refrain from illegal drug use while on supervised release. It is imperative that he receive drug treatment in a structured setting. Accordingly, the three-year term of supervised release imposed on him on November 5, 2003, will be revoked.

Defendant's criminal history category is III. With a Grade B violation and a criminal history category of III, defendant has a sentencing guideline imprisonment range of 8 to 14 months. Pursuant to 18 U.S.C. § 3583(e)(3), the statutory maximum term of imprisonment is 24 months because defendant was originally sentenced for a Class C felony.

After reviewing the non-binding policy statements in Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. This sentence will hold defendant accountable for his behavior, deter others from similar conduct and protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on November 5, 2003, is revoked and defendant is committed to the custody of the Bureau of Prisons for a term of 14 months. Defendant is ordered to serve a one-year term of supervised release. All conditions previously imposed will remain in effect. It is recommended that the Bureau of Prisons afford defendant the opportunity to participate in drug treatment while he is incarcerated.

Defendant does not have the financial means or earning capacity to pay the cost of

incarceration and supervision.

Entered this 28th day of March 2008.

/s/
BARBARA B. CRABB
United States District Judge