IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                            ORDER

        v.                                       03-CR-56-S-01

RICHARD B. ADAMS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Richard B. Adams' supervised release was held on February 26, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney David J. Reinhard. Defendant was present in person and by counsel, Kelly Welsh. Also present was United States Probation Officer Michael J. Nolan.

      From the parties' stipulation and the record I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on November 5, 2003, following his conviction for conspiracy to distribute and possess with intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 37 months, with a 36-month term of

supervised release to follow.

On May 25, 2006, defendant began his initial term of supervised release. On March 28, 2008, defendant's supervised release was revoked after he was convicted of possession of cocaine, had a positive urinalysis for opiates, failed to attend substance abuse treatment, failed to inform probation of his change in employment and absconded from supervision. He was sentenced to 14 months' imprisonment with one year of supervised release to follow.

On March 19, 2009, defendant began his second term of supervised release. On June 21, 2009, defendant violated the mandatory condition prohibiting him from committing another federal, state or local crime when he engaged in disorderly conduct. The offense resulted in his conviction on January 13, 2010 in the Circuit Court for Dane County, Wisconsin, Case No. 2009CF001000.

Defendant also violated Special Condition No. 4, which prohibits him from using illegal drugs and requires his participation in substance abuse treatment and testing as directed by the supervising U.S. probation. On November 30, 2009, and January 20, 2010, he gave urine specimens that tested positive for opiates. He violated this special condition again on January 19, 2010, when he attempted to substitute a bottle of urine for his own.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke, extend the term or modify the conditions of supervised release upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is III. With a Grade C violation, he has an advisory guideline term of imprisonment of 5 to 10 months. Under 18 U.S.C. § 3583(e)(3), the top of the guideline range is capped at 10 months because defendant's original offense was a Class C felony and his previous revocation resulted in a 14-month term of imprisonment. 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment if defendant is not sentenced to the statutory maximum sentence.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. This sentence is intended to hold defendant accountable for his violations, to acknowledge the seriousness of his violations and to protect the community from further criminal behavior by defendant.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 28, 2008, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of ten months with no supervised release to follow.

Defendant does not have the financial means or earning capacity to pay the cost of

his incarceration.

Entered this 26th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
Chief District Judge